SHEPPARD MULLIN RICHTER & HAMPTON, LLP
A Limited Liability Partnership
Including Professional Corporations
TYLER E. BAKER (Cal. Bar No. 349367)
tbaker@sheppard.com
1901 Avenue of the Stars
Suite 1600
Los Angeles, CA 90067
Telephone:   (301) 228-3700
Facsimile:   (301) 228-3701
PAUL W. GARRITY (pro hac vice)
pgarrity@sheppard.com
MAJA SZUMARSKA (pro hac vice)
mszumarska@sheppard.com
30 Rockefeller Plaza
New York, NY 10012
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

GIBNEY ANTHONY & FLAHERTY, LLP
BETH M. FRENCHMAN (pro hac vice)
bfrenchman@gibney.com
JEFFREY E. DUPLER (pro hac vice)
jdupler@gibney.com
650 Fifth Avenue
New York, New York 10019
Telephone:   (212) 688-5151
Facsimile:   (212) 688-8315

Attorneys for Plaintiff
ROLEX WATCH U.S.A., INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROLEX WATCH U.S.A., INC.,<br><br>             Plaintiff,<br><br>        v.<br><br>SDOT WATCHES LLC d/b/a SWISS WRIST d/b/a/ WWW.SWISSWRIST.COM; SWISS WRIST, INC.; SWISS ANGELES; NICHOLAS JOHN ZAPF a/k/a NICK ZAPF; FIRST CLASS DIALS LLC d/b/a WWW.FIRST CLASSDIALS.COM; AUSTIN'S WATCHES, INC d/b/a WWW.AUSTINSWATCHES.COM; AUSTIN KYLE PETERSON a/k/a AUSTIN PETERSON; and JOHN ROONEY,<br><br>             Defendants. | Case No. 2:25-cv-03990-AH-SKx<br><br><br>**JUDGMENT AND PERMANENT INJUNCTION UPON CONSENT [JS-6]** |

-1-

Plaintiff Rolex Watch U.S.A., Inc. ("Plaintiff" or "Rolex") and defendants Sdot Watches LLC d/b/a Swiss Wrist d/b/a www.swisswrist.com, Swiss Wrist, Inc., Swiss Angeles, and Nicholas John Zapf a/k/a Nick Zapf (hereinafter collectively referred to herein as the "Swiss Wrist Defendants") (and collectively with Plaintiff, the "Parties") hereby stipulate to the entry of this judgment and permanent injunction upon consent (the "Permanent Injunction") as follows:

1.      This Court has jurisdiction over the subject matter of this action.

2.      This Court has jurisdiction over the Swiss Wrist Defendants.

3.      Plaintiff is engaged in the import, distribution, sale, and promotion in interstate commerce of prestigious high-quality, luxury watches all bearing one or more of the ROLEX Registered Trademarks as defined herein.

4.      Rolex owns the following federal trademark registrations in the United States, registered with the United States Patent and Trademark Office (hereinafter collectively referred to as the "Rolex Registered Trademarks"):

| ROLEX | 0,101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
|---|---|---|---|
| ROLEX | 4,458,519 | 12/31/2013 | Retail store services featuring watches, timepieces, clocks, and jewelry |
| OYSTER | 0,239,383 | 3/6/1928 | Watches, movements, cases, dials, and other parts of watches. |
| PRESIDENT | 0,520,309 | 1/24/1950 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ♛ (Crown Design) | 0,657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| ♛ (Crown Design) | 1,755,226 | 3/2/1993 | Jewelry. |
| DATEJUST | 0,674,177 | 2/17/1959 | Timepieces and parts thereof. |
| GMT-MASTER | 0,683,249 | 8/11/1959 | Watches. |

-2-

| COSMOGRAPH | 0,733,081 | 6/19/1962 | Watches and chronometers. |
|---|---|---|---|
| SEA-DWELLER | 0,860,527 | 11/19/1968 | Watches, clocks, and parts thereof. |
| MILGAUSS | 0,875,616 | 8/26/1969 | Watches [and clocks,] and parts thereof. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/1978 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/1993 | Watches. |
| SUBMARINER | 1,782,604 | 7/20/1993 | Watches. |
| ROLEX DAYTONA | 1,960,768 | 3/5/1996 | Watches. |
| DAYTONA | 2,331,145 | 3/21/2000 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/2001 | Watches. |
| EXPLORER | 2,518,894 | 12/18/2001 | Watches. |
| AIR-KING | 2,953,542 | 5/17/2005 | Watches and parts thereof. |
| GMT-MASTER II | 2,985,308 | 8/16/2005 | Watches and parts thereof. |
| SUPERLATIVE CHRONOMETER | 7,774,629 | 4/29/2025 | Watches and parts thereof. |

5. Every genuine ROLEX-branded watch, featuring the Rolex Registered Trademarks, including Rolex's ROLEX and CROWN DESIGN trademarks, includes the following components: (1) the watch movement (the internal time-keeping mechanism); (2) the watch case; (3) the dial featuring Rolex's ROLEX and CROWN DESIGN trademarks; (4) the bezel; and (5) the watch bracelet featuring Rolex's ROLEX and CROWN DESIGN trademarks (sometimes also called the watch band). These elements are shown and labeled in the images below:

JUDGMENT AND
PERMANENT INJUNCTION UPON CONSENT

6.      Rolex commenced this action on May 5, 2025, alleging (i) trademark counterfeiting under 15 U.S.C. § 1114; (ii) trademark infringement under 15 U.S.C. § 1114; (iii) false advertising under 15 U.S.C. § 1125(a); and (iv) false designation of origin, false association, false descriptions and representations, and unfair competition under 15 U.S.C. § 1125(a).

7.      The Swiss Wrist Defendants sell, offer for sale, and market luxury diamond embellished Rolex-branded watches at both their Los Angeles Jewelry District-based address and through the websites www.swisswrist.com and www.heavyatelier.com/swiss-angeles ("Swiss Wrist Websites") and online marketplaces, including www.walmart.com and www.1stdibs.com.  The Swiss Wrist Defendants operate, own, and/or use these websites and/or online marketplace accounts to advertise, promote and offer for sale, and sell merchandise bearing infringing and counterfeit copies of one or more of the Rolex Registered Trademarks.

-4-

JUDGMENT AND
PERMANENT INJUNCTION UPON CONSENT

8.      One of the Swiss Wrist Defendants, Nicholas John Zapf a/k/a Nick Zapf ("Zapf"), is the owner, manager, member, operator and controlling individual who is the moving force behind defendants Sdot Watches LLC, Swiss Wrist, Inc., and Swiss Angeles (collectively, the "Swiss Wrist Entities"), and SDOT Wholesale LLC.  Zapf is responsible for directing all of the Swiss Wrist Entities' activities at issue in this case.

9.      The Swiss Wrist Defendants have owned and operated, and own, and/or use the accounts www.instagram.com/swiss_angeles/ (the "Swiss Wrist Defendants' Instagram Page"), www.pinterest.com/swisswristonlin/_created / (the "Swiss Wrist Defendants' Pinterest Page"), www.youtube.com/swisswristco / (the "Swiss Wrist Defendants' YouTube Page"), and www.x.com/Swiss_Wrist (the "Swiss Wrist Defendants' X Account") to sell, offer for sale, distribute and advertise products including watches bearing infringing and counterfeit copies of one or more of the Rolex Registered Trademarks.

10.      The Court, with the consent of the Parties and having considered all pleadings and other documents filed in this action, hereby enters this Permanent Injunction ordering that the Swiss Wrist Defendants, their officers, agents, servants, employees and all other persons in active concert or participation with the Swiss Wrist Defendants , and any entity or company owned, operated, directed, affiliated[1], and/or controlled by Zapf, in full or in material part[2], be permanently enjoined from and restrained as follows:

a.      using any reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks to identify any goods or the

---

[1] The term "affiliate" means any company that controls, is controlled by, or is under common control with the Swiss Wrist Defendants.

[2] The term "material part" means that Zapf has an ownership stake large enough that he could reasonably affect control, influence or economic interest in the company.

-5-

JUDGMENT AND
PERMANENT INJUNCTION UPON CONSENT

rendering of any services not manufactured, authorized, or sold by Rolex or an authorized distributor;

b.     engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation including, but not limited to, the advertising and offering for sale, sale, and distribution of: (i) any ROLEX-branded watches with non-genuine dials or dials that have been refinished or otherwise altered in such a manner as to remove, replace, and/or reapply any Rolex trademarks; (ii) any ROLEX-branded watches with a non-genuine strap or band with a genuine or non-genuine ROLEX-branded clasp or buckle; (iii) any ROLEX-branded watches with non-genuine cases; (iv) any ROLEX-branded watches with non-genuine movements; (v) ROLEX-branded watches with non-genuine bezels; (vi) ROLEX-branded watches with non-genuine or counterfeit parts, including parts featuring the Rolex Registered Trademarks; (vii) any ROLEX-branded watches with either materially-altered genuine parts or non-genuine parts, including, but not limited to, dials or bezels altered with stones or other embellishments; (vii) any materially-altered or non-genuine ROLEX-branded watch parts and/or watch components, including without limitation non-genuine bezels or bezels altered with stones or other embellishments, non-genuine movements, and/or non-genuine dials or dials that have been refinished or otherwise altered in such a manner as to remove, replace, and/or reapply any Rolex trademarks.

c.     advertising or offering for sale, selling, or distributing any counterfeit or non-genuine ROLEX-branded boxes, Owner's manuals, warranty booklets, factory service guides, or hangtags bearing a seal that are not original to the respective ROLEX-branded watch;

d.     using a false description or representation including words or other symbols tending to falsely describe or represent non-genuine goods or unauthorized services as being those of Rolex or sponsored by, approved by,

-6-

JUDGMENT AND
PERMANENT INJUNCTION UPON CONSENT

or associated or affiliated with Rolex and from offering such goods in commerce;

    e.    using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet, including social media channels, (either in the text of a website, or as a keyword, search word, metatag, in hashtags or any part of the description of the site) in connection with any goods or services not made or authorized by Rolex;

    f.    disseminating any false and/or misleading information relating to Rolex and the authenticity or nature of their goods and services;

    g.    making claims that cannot be substantiated and disseminating any false and/or misleading information about Rolex, the Rolex Registered Trademarks, and/or Rolex products;

    h.    engaging in any other activity constituting false advertising of Rolex products;

    i.    engaging in any other activity constituting unfair competition using the Rolex Registered Trademarks; and

    j.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (i) above.

11.    Within ten (10) days of entry of this Permanent Injunction, the Swiss Wrist Defendants shall take reasonable steps to remove from the Swiss Wrist Websites, the Swiss Wrist Defendants' Instagram Page, the Swiss Wrist Defendants' Pinterest Page, the Swiss Wrist Defendants' YouTube Page, the Swiss Wrist Defendants' X Account, and any other website, ecommerce platform(s) (including without limitation www.walmart.com and www.1stdibs.com) or social media site containing content displayed or posted by the Swiss Wrist Defendants, whether or not owned or operated by the Swiss Wrist Defendants, all counterfeit or infringing ROLEX-branded products, product listings, and all text using the Rolex Registered

-7-

Trademarks or copies or colorable imitations thereof which would be in violation of the injunctive language in paragraph 10 herein.  In the event the Swiss Wrist Defendants are unsuccessful in their efforts to remove the content described herein, Plaintiff is hereby authorized to submit a certified copy of this Order directly to the applicable platform, host, service provider, or operator and to request the removal, disabling or de-indexing of such content.  Any platform, host, service provider or operator that receives a copy of this Order shall expeditiously remove, disable access to, or de-index the account or content identified herein, consistent with its policies and the applicable law.[3]

12.    Each of the Parties shall each bear their own attorney's fees and costs incurred in connection with this action. However, if the Swiss Wrist Defendants are found to be in contempt of this Permanent Injunction, Plaintiff shall be entitled to recover all reasonable attorney's fees and costs associated with the prosecution of the (i) claims asserted against the Swiss Wrist Defendants in this action; and (ii) the Bankruptcy Proceedings[4], in addition to any other remedies that the Court may deem appropriate following any such finding of contempt.

13.    The Court hereby reserves and retains continuing jurisdiction to enforce the provisions of the Permanent Injunction entered herein and over the parties hereto for the purpose of enforcing the terms of this Permanent Injunction, as well as the terms of the Parties' underlying settlement agreement.

*//*

---

[3] Rolex acknowledges that certain platforms may not comply with the Swiss Wrist Defendants' removal request, and that such noncompliance is outside the Swiss Wrist Defendants' control.

[4] The "Bankruptcy Proceedings" include *In re SDOT Watches LLC*, Case No. 2:25-bk-19949-BB; *In re Nicholas Zapf*, Case No. 2:25-bk-20795; and *In re Swiss Angeles*, Case No.2.25-bk-20157-BB.

-8-

**NICHOLAS JOHN ZAPF**

Dated: _____. 2026    By: _____
                                 Nicholas John Zapf

**SDOT WATCHES LLC**

Dated: _____. 2026    By: _____
                                 Nicholas John Zapf
                            Title: _____

**SWISS WRIST, INC.**

Dated: _____. 2026    By: _____
                                 Nicholas John Zapf
                            Title: _____

**SWISS ANGELES**

Dated: _____. 2026    By: _____
                                 Nicholas John Zapf
                            Title: _____

-9-

**ROLEX WATCH U.S.A., INC.**

Dated: _____. 2026   By: _____

Title: _____

**ROLEX WATCH U.S.A., INC.**

Dated: _____. 2026   By: _____

Title: _____

IT IS SO ORDERED:

Dated: _____ JUNE 8. 2026 _____

HON. ANNE HWANG
UNITED STATES DISTRICT JUDGE

-10-