UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROLEX WATCH U.S.A., INC.,<br>Plaintiff,<br>v.<br>SDOT WATCHES LLC d/b/a SWISS WRIST d/b/a/ WWW.SWISSWRIST.COM; SWISS WRIST, INC.; SWISS ANGELES; NICHOLAS JOHN ZAPF a/k/a NICK ZAPF; FIRST CLASS DIALS LLC d/b/a WWW.FIRST CLASSDIALS.COM; AUSTIN'S WATCHES, INC d/b/a WWW.AUSTINSWATCHES.COM; AUSTIN KYLE PETERSON a/k/a AUSTIN PETERSON; and JOHN ROONEY,<br>Defendants. | Case No. 2:25-cv-03990-AH-SKx<br><br>**JUDGMENT AND PERMANENT INJUNCTION UPON CONSENT** |

Plaintiff Rolex Watch U.S.A., Inc. ("Plaintiff" or "Rolex") and defendants First Class Dials LLC d/b/a www.firstclassdials.com, Austin's Watches, Inc. d/b/a www.austinswatches.com, Austin Kyle Peterson a/k/a Austin Peterson, and John Rooney (hereinafter collectively referred to herein as the "First Class Dials Defendants") (and collectively with Plaintiff, the "Parties") hereby stipulate to the entry of this judgment and permanent injunction upon consent (the "Permanent Injunction") as follows:

1. This Court has jurisdiction over the subject matter of this action.

2. This Court has jurisdiction over the First Class Dials Defendants.

3. Plaintiff is engaged in the import, distribution, sale, and promotion in interstate commerce of prestigious high-quality, luxury watches all bearing one or more of the ROLEX Registered Trademarks as defined herein.

4. Rolex owns the following federal trademark registrations in the United States, registered with the United States Patent and Trademark Office (hereinafter collectively referred to as the "Rolex Registered Trademarks"):

| <u>**Trademark**</u> | <u>**Reg. No.**</u> | <u>**Reg. Date**</u> | <u>**Goods**</u> |
|---|---|---|---|
| **ROLEX** | 0,101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| **ROLEX** | 4,458,519 | 12/31/2013 | Retail store services featuring watches, timepieces, clocks, and jewelry |
| **OYSTER** | 0,239,383 | 3/6/1928 | Watches, movements, cases, dials, and other parts of watches. |
| **PRESIDENT** | 0,520,309 | 1/24/1950 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| **(Crown Design)** | 0,657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| **(Crown Design)** | 1,755,226 | 3/2/1993 | Jewelry. |
| **DATEJUST** | 0,674,177 | 2/17/1959 | Timepieces and parts thereof. |
| **GMT-MASTER** | 0,683,249 | 8/11/1959 | Watches. |
| **COSMOGRAPH** | 0,733,081 | 6/19/1962 | Watches and chronometers. |
| **SEA-DWELLER** | 0,860,527 | 11/19/1968 | Watches, clocks, and parts thereof. |
| **MILGAUSS** | 0,875,616 | 8/26/1969 | Watches [and clocks,] and parts thereof. |
| **OYSTER PERPETUAL** | 1,105,602 | 11/7/1978 | Watches and parts thereof. |
| **YACHT-MASTER** | 1,749,374 | 1/26/1993 | Watches. |
| **SUBMARINER** | 1,782,604 | 7/20/1993 | Watches. |

| | | | |
|---|---|---|---|
| **ROLEX DAYTONA** | 1,960,768 | 3/5/1996 | Watches. |
| **DAYTONA** | 2,331,145 | 3/21/2000 | Watches. |
| **EXPLORER II** | 2,445,357 | 4/24/2001 | Watches. |
| **EXPLORER** | 2,518,894 | 12/18/2001 | Watches. |
| **AIR-KING** | 2,953,542 | 5/17/2005 | Watches and parts thereof. |
| **GMT-MASTER II** | 2,985,308 | 8/16/2005 | Watches and parts thereof. |
| **SUPERLATIVE CHRONOMETER** | 7,774,629 | 4/29/2025 | Watches and parts thereof. |

5. Every genuine ROLEX-branded watch, featuring the Rolex Registered Trademarks, including Rolex's ROLEX and CROWN DESIGN trademarks, includes the following components: (1) the watch movement (the internal time-keeping mechanism); (2) the watch case; (3) the dial featuring Rolex's ROLEX and CROWN DESIGN trademarks; (4) the bezel; and (5) the watch bracelet featuring Rolex's ROLEX and CROWN DESIGN trademarks (sometimes also called the watch band). These elements are shown and labeled in the images below:




6. Rolex commenced this action on May 5, 2025, alleging (i) trademark counterfeiting under 15 U.S.C. § 1114; (ii) trademark infringement under 15 U.S.C. § 1114; (iii) false advertising under 15 U.S.C. § 1125(a); and (iv) false designation of origin, false association, false descriptions and representations, and unfair competition under 15 U.S.C. § 1125(a).

7. The First Class Dials Defendants sell, offer for sale, and market Rolex-branded watches and watch parts at both their Los Angeles Jewelry District-based address and through the websites www.firstclassdials.com and www.austinswatches.com ("First Class Dials Websites") and online marketplaces, including www.ebay.com and www.chrono24.com. The First Class Dials Defendants operate, own, and/or use these websites and/or online marketplace

accounts to advertise, promote and offer for sale, and sell merchandise bearing copies of one or more of the Rolex Registered Trademarks.

8. On the website www.firstclassdials.com, the First Class Dials Defendants used identical or substantially indistinguishable copies of Rolex's famous CROWN DESIGN trademark on the homepage, within the "First Class Dials" name, and close to its name to advertise and display offered merchandise.

9. Defendants Austin Kyle Peterson a/k/a Austin Peterson ("Peterson") and John Rooney ("Rooney") are the owners, managers, members, operators and controlling individuals who are the moving forces behind defendant First Class Dials LLC. Peterson is the owner, manager, operator, and controlling individual who is the moving force behind defendant Austin's Watches, Inc.

10. The First Class Dials Defendants have owned and operated, and own, and/or use the accounts www.instagram.com/firstclassdials and www.instagram.com/anythingrolex (the "First Class Dials Defendants' Instagram Pages"), www.facebook.com/firstclassdials and www.facebook.com/austinswatches (the "First Class Dials Defendants' Facebook Pages"), www.youtube.com/@firstclassdials (the "First Class Dials Defendants' YouTube Page"), and www.tiktok.com/firstclassdials and www.tiktok.com/austinswatches (the "First Class Dials Defendants' TikTok Accounts") to sell, offer for sale,

distribute and advertise products including watches bearing copies of one or more of the Rolex Registered Trademarks.

11. The Parties have entered into a confidential settlement agreement, pursuant to which the First Class Dials Defendants will pay an undisclosed sum to Rolex as a condition of the settlement of this action. The Parties have also agreed to the entry of this Permanent Injunction.

12. The Court, with the consent of the Parties and having considered all pleadings and other documents filed in this action, hereby enters this Permanent Injunction ordering that the First Class Dials Defendants, their officers, agents, servants, employees and all other persons in active concert or participation with Defendants be permanently enjoined from and restrained as follows:

a. using any reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not manufactured, authorized, or sold by Rolex or an authorized distributor;

b. engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation including, but not limited to, the advertising and offering for sale, sale, and distribution of: (i) any non-genuine dials or dials that have been refinished or otherwise altered

in such a manner as to remove, replace, and/or reapply any Rolex trademarks; (ii) any non-genuine bezels intended to fit Rolex watches and replace integral genuine Rolex parts; (iii) any ROLEX-branded watches with non-genuine dials or dials that have been refinished or otherwise altered in such a manner as to remove, replace, and/or reapply any Rolex trademarks; (iv) any ROLEX-branded watches with a non-genuine strap or band with a genuine or non-genuine ROLEX-branded clasp or buckle; (v) any ROLEX-branded watches with non-genuine cases; (vii) any ROLEX-branded watches with non-genuine movements; (viii) any ROLEX-branded watches with non-genuine bezels; (ix) any ROLEX-branded watches with non-genuine or counterfeit parts, including parts featuring the Rolex Registered Trademarks[1]; and (x) any ROLEX-branded watches with either materially altered genuine parts or non-genuine parts, including, but not limited to, dials or bezels altered with stones or other embellishments;

c. using Rolex's CROWN DESIGN trademark as shown in USPTO Registration No. 657,756 or any mark confusingly similar to Rolex's CROWN DESIGN trademark in any of the First Class Dials Defendants'

[1] For avoidance of doubt, the limitation set forth in paragraph 12(b)(ix) does not include non-branded screws, non-branded crystals, and non-branded bracelets that are compatible and consistent with genuine ROLEX-branded watches provided that a written disclosure is made that such substituted parts are non-Rolex parts.

advertising, marketing, promotion and media, including but not limited to, on social media and websites;

d. advertising or offering for sale, selling, or distributing any counterfeit or non-genuine ROLEX-branded boxes, owner's manuals, warranty booklets, factory service guides, or hangtags bearing a seal that are not original to the respective ROLEX-branded watch;

e. using a false description or representation including words or other symbols tending to falsely describe or represent the First Class Dials Defendants' non-genuine goods or unauthorized services as being those of Rolex or sponsored by, approved by, or associated or affiliated with Rolex and from offering such goods in commerce;

f. using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, or as a keyword, search word, metatag, in hashtags or any part of the description of the site) in connection with any goods or services not made or authorized by Rolex;

g. disseminating any false and/or misleading information relating to Rolex and the authenticity or nature of the First Class Dials Defendants' goods and services;

h. making claims that cannot be substantiated and disseminating any false and/or misleading information about Rolex, the Rolex Registered Trademarks, and/or Rolex products;

i. engaging in any other activity constituting false association with Rolex, including but not limited to, using the Rolex Registered Trademarks on the First Class Dials Defendants' websites, social media or any other platform used by the First Class Dials Defendants in a manner that may create a misleading false association with Rolex, including in connection with the promotion, advertisement, offering, and/or sale of the First Class Dials Defendants' goods or services;

j. engaging in any other activity constituting unfair competition using the Rolex Registered Trademarks; and

k. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above.

13. Within thirty (30) days of entry of this Permanent Injunction, the First Class Dials Defendants shall take all steps necessary to remove from the First Class Dials Defendants' Websites, the First Class Dials Defendants' Instagram Pages, the First Class Dials Defendants' Facebook Pages, the First Class Dials Defendants'

YouTube Page, the First Class Dials Defendants' TikTok Pages, and any other website, ecommerce platform(s), or social media site containing content displayed or posted by the First Class Dials Defendants, whether or not owned or operated by the First Class Dials Defendants, all allegedly infringing ROLEX-branded products, product listings, and all text using the Rolex Registered Trademarks or copies or colorable imitations thereof in connection with the foregoing. If Plaintiff discovers any additional content that it deems necessary for removal, it will first provide notice to Defendants of such content, and Defendants shall have thirty (30) days to remove same. If, based on the same, any allegedly infringing ROLEX-branded products or products listings are identified to Defendants, Defendants shall immediately ensure that the subject products are not sold.

14. Within thirty (30) days of entry of this Order, the First Class Dials Defendants shall deliver up to Plaintiff's counsel for destruction all non-genuine dials or dials that have been refinished or otherwise altered in such a manner as to remove, replace, and/or reapply any Rolex trademarks in their possession, custody or control. The First Class Dials Defendants shall further provide a sworn declaration confirming full compliance with this provision and identifying the location and quantity of all such surrendered items.

15. Each of the Parties shall each bear their own attorney's fees and costs incurred in connection with this action. However, if the First Class Dials Defendants

are found to be in contempt of this Permanent Injunction, Plaintiff shall be entitled to recover all attorney's fees and costs associated with enforcing this Permanent Injunction, in addition to any other remedies that the Court may deem appropriate following any such finding of contempt.

16. The Court hereby reserves and retains continuing jurisdiction to enforce the provisions of the Permanent Injunction entered herein and over the parties hereto for the purpose of enforcing the terms of this Permanent Injunction, as well as the terms of the Parties' underlying settlement agreement.

**AUSTIN PETERSON**

Dated: July , 2026 By:________________________
Austin Peterson

**AUSTIN'S WATCHES, INC.**

Dated: July , 2026 By:________________________
Austin Peterson
Title:________________________

**FIRST CLASS DIALS LLC**

Dated: July , 2026 By:________________________
John Rooney
Title:________________________

**JOHN ROONEY**

Dated: July , 2026

By:______________________
John Rooney
Title:______________________

**ROLEX WATCH U.S.A., INC.**

Dated: July , 2026

By:______________________
Title:______________________

Dated: July , 2026

By:______________________
Title:______________________

**SO ORDERED:**

Dated: JULY 30, 2026

AnneHwang

HON. ANNE HWANG
UNITED STATES DISTRICT JUDGE
CENTRAL DISTRICT OF CALIFORNIA